*Compiler of Law /Law Library*

FILED
SUPERIOR COURT
OF GUAM

'09 SEP 22 PM 2: 53

CLERK OF COURT

BY_____

**IN THE SUPERIOR COURT**
**OF GUAM**

PEOPLE OF GUAM,                              )    Criminal Case No. CF0209-08
                                            )
       Plaintiff,                       )
                                            )
   v.                                       )    **DECISION AND ORDER**
                                            )    re: Restitution
JOHN ANTHONY SALAS,                         )
DAVID JAMES OVERTURF,                        )
JOSHUA JAE MESA FLORES,                      )
                                            )
       Defendants.                      )

---

This matter came before the Honorable Judge Michael J. Bordallo on Aug 14, 2009. The People were represented by Assistant Attorney General Shane Black. Defendant Salas was represented by Attorney Rachel M. Taimanao-Ayuyu. Defendant Overture was represented by Attorney John C. Terlaje. Defendant Flores was represented by Attorney Loretta Gutierrez-Long. Having reviewed the memorandum and papers presented, the court now issues the following Decision and Order.

## BACKGROUND

The above Defendants entered pleas to Theft as a Misdemeanor and lesser-included offense of Theft, as a Second Degree Felony, in violation of 9 GCA §§ 43.20, and 43.30. On December 9, 2008, January 7, 2009 and March 17, 2009, the court entered Judgments on its sentences for Defendants Overturf, Salas, and Flores respectively. Each Judgment ordered that Defendants be jointly and severally liable for full restitution to the victim, Joseph Palomo, in the total amount to be determined at restitution hearing pursuant to the limitations set in 9 GCA § 80.50(e).

## DISCUSSION

Defendants join in objecting to the valuation of the property in the restitution amount

submitted by the People. They argue that a restitution order should not include replacement costs but should consider only the fair market value of the items lost at they time they were taken. Individually, Defendant Overturf asserts that he was responsible for taking 3 guitars and for damaging the glass door. He asserts Defendant Salas and Flores removed a number of the items claims by the victim prior to the burglary in this case.

Defendant Flores asserts that he was responsible for taking: a platinum ring guard, a platinum marquise diamond ring, a male platinum wedding band, a gold DFS ring, a titanium Fossil watch, a Aeropostale necklace, a 1gb Sony usb, a silver Ripcurl watch, a Toshiba laptop with case, 2 new Billabong shirts and for damaging the glass door. He also asserts that Defendant Salas removed a number of the items prior to the burglary.

Defendant Salas objects to Defendants Flores and Salas ascribing more restitution of the stolen property to him and objects to the assertion that there was a separate burglary.

Subsection 43.20(e) of Title 9 of the Guam code regulates the valuation of property taken in a theft. 9 Guam Code Ann. § 43.20(e) (2009). It provides, "The value of an instrument constituting an evidence of a debt, such as a check, draft or promissory note, shall be the amount due or collectible thereon or thereby . . . ." *Id*. However Sections 80.50, 80.52, 80.53, and 80.54 of Title 9 regulate the method and amounts to be imposed in a restitution order. 9 Guam Code Ann. §§ 80.50, 80.52, 80.53, 80.54 (2009). Section 80.50(c) and (e) provide that for conviction of a Misdemeanor offense the amount of restitution is not to exceed $1,000.00 or double the pecuniary gain or loss to the victim. *Id*. at 80.50(c) and (e). Sections 80.52 and 80.53 require the court, in determining a restitution order to consider the Defendant's ability to pay, whether the defendant derived any pecuniary gain, and whether a restitution order would have any deterring effect. *Id*. It is the People's burden to prove these facts by a preponderance of the evidence before the court will order any

restitution. *U.S. v. Riley*, 335 F.3d 919, 929 (9th Cir. 2003).

In this case the People have proffered the submission of a papers entitled Inventory of Stolen items. The victim was prepared to testify to at the Restitution hearing about the specifics of the items indicated. The inventory provides the estimated purchase price for each of the items taken and the year in which each item was purchased. Although the People have presented no evidence as to the conditions of the property taken or the fair market value at the time of the theft, based upon the evidence provided the court can take judicial notice of the fair market value and the average depreciation of personal property. The majority of the personal property listed by the Defendant falls withing the 5 year depreciation schedule allowed by the Federal Revenue Tax table found in Table 7-1 of Revenue Procedure 88-22. The residual value of the property after depreciation is measured at 25%. *Thunder Basin Coal Co. v. Campbell County*, 132 P.3d 801, 809 (WY 2006). The court therefore finds that the fair market value for the property acquired in 2008 has a fair market value of $93.50. The property acquired in 2007 has fair market value of $1,688.40. The property acquired in 2006 has a fair market value of $524.15. The property acquired in 2005 has a fair market value of $695.60. The property acquired after 2005 has a residual fair market value of $693.50.

Upon review of the facts of this case the court specifically finds that Defendants have the ability to pay this amount and that imposition of such a restitution order will act as necessary deterrent. The court is not persuaded by Defendants Overturf and Flores's assertions that some of the items taken were taken by Defendant Salas in a separate burglary. These assertions were neither verified or factually supported.

## CONCLUSION

For the reasons above the court orders that Defendants be ordered to pay restitution in the amount of $3,695.15, for which they shall each be jointly and severally liable. This restitution amount shall be in addition to any fine imposed by the court in its respective Judgments in this matter. The department of probation shall be allowed to initially determine an appropriate payment amount for each Defendant based upon their current wage and expenses or imputable income.

SO ORDERED this 22 day of September 2009.

Original signed by:
HON. MICHAEL J. BORDALLO

Honorable Michael J. Bordallo
Judge, Superior Court of Guam

I do hereby certify that ago
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

SEP 22 2009

Evelyn R.

Page -4-